David K. W. Wilson, Jr.
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARINELLA STECCONE, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-v.-<br><br>ABC COLLECTORS, INC., and JOHN DOES 1-25.<br><br>Defendant(s). | CIVIL ACTION NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marinella Steccone (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendant ABC Collectors, Inc. (hereinafter "Defendant ABC") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Montana consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and the Montana Consumer Protection Act, § 30-14-133, MCA.

4. Plaintiff is seeking damages and declaratory relief.

## PARTIES

5. Plaintiff is a resident of the State of Montana, County of Flathead, with her principle residence located in Columbia Falls, MT 59912.

6. Defendant ABC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 130 5th Street E, Kalispell, MT 59903.

7. Upon information and belief, Defendant ABC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

8. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Montana;

   b. to whom Defendant ABC sent a collection letter attempting to collect a consumer debt;

   c. that used threatening and harassing language threatening legal action;

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class members, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 18, 2020 an obligation was allegedly incurred to North Valley Hospital

22. The North Valley Hospital obligation arose out of transactions in which money, property, insurance or services were the subject of the transactions, were primarily for personal, family or household purposes, specifically medical services.

23. The alleged North Valley Hospital obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. North Valley Hospital is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. North Valley Hospital contracted with Defendant ABC to collect the alleged debt.

26. Defendant ABC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – March 18, 2020 Collection Letter*

27. On or about March 18, 2020 Defendant ABC sent Plaintiff a collection letter (the "Letter"). See Letter at Exhibit A.

28. The letter stated: "Inspite [*sic*] of numerous requests for payment, your account remains seriously delinquent. . .Over the next ten (10) days a decision will be made as to which of the various collection alternatives should be initiated to recover our client's funds. As perhaps you are not aware, legal action is one of these alternatives. In order to avoid this type of action, you should remit the full balance immediately.

29. The letter further stated: "Please take notice that unless we receive the full balance within ten (10) days of the date of this letter, or unless we can agree to an alternative payment proposal, LEGAL ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE."

30. The letter threatens that if a full resolution is not reached within ten days, the account may be sent for legal action, thus harassing and pressuring with threats of legal action if the Plaintiff does not resolve in full within ten days.

31. Moreover, the letter states that "legal action may be brought against you without further notice."

32. Defendant ABC is not a law firm and cannot bring a legal action and to threaten the Plaintiff with legal action is deceptive, misleading and harassing because Defendant ABC cannot bring any legal action.

33. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

34. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

35. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

36. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

37. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated said section

8

    a.    by making a false and misleading representation in violation of §1692e(10);

    b.    by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

    c.    my making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

42.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

43.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46.    Defendant violated this section by falsely threatening and harassing Plaintiff with the letter containing false threats.

47.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATION OF MONTANA CONSUMER PROTECTION ACT, §§ 30-14-101, ET SEQ., MCA

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. The violations of the FDCPA set forth above in Counts One and Two are also *per se* violations of the Montana Consumer Protection Act.

50. Defendant's actions as set forth herein constitute unfair and deceptive acts under § 30-14-103, MCA, and constitute violations of the Montana Consumer Protection Act.

51. Plaintiffs are entitled to their actual damages, equitable relief, treble damages and attorney's fees pursuant to § 30-14-133. MCA.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marinella Steccone, individually and on behalf of all others similarly situated, demands judgment from Defendants ABC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Morrison Sherwood Wilson & Deola. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages under the FDCPA and the MCPA;

3. Awarding Plaintiff and the Class actual damages under the FDCPA and the MCPA;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses under the FDCPA and the MCPA;

5. Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 15, 2021                              Respectfully Submitted,

                                        **MORRISON SHERWOOD WILSON & DEOLA**

                                        <u>/s/ David K. W. Wilson, Jr.</u>
                                        David K. W. Wilson, Jr.
                                        Morrison Sherwood Wilson & Deola PLLP
                                        *Attorneys for Plaintiff*